RUSS, AUGUST & KABAT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAMILY PRODUCTS, LLC, a California limited liability company, and JOHN BECK AMAZING PROFITS, LLC, a California limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>INFOMERCIAL VENTURES PARTNERSHIP, a Nevada general partnership,<br><br>Defendants. | Case No. CV07-926 FMC (CWx)<br><br>[Assigned to The Honorable Florence-Marie Cooper, Courtroom 750]<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>Original Complaint Filed: February 8, 2007 |
| INFOMERCIAL VENTURES PARTNERSHIP, a Nevada general partnership,<br><br>Counter-Claimant,<br><br>v.<br><br>FAMILY PRODUCTS, LLC, a California limited liability company, JOHN BECK AMAZING PROFITS, LLC, a California limited liability company, MENTORING OF AMERICA, a Utah limited liability company, GARY HEWITT, an individual, and DOUGLAS GRAVINK, an individual<br><br>Counter-Defendants. | **NOTE CHANGES MADE BY COURT** |

~6607718.doc

**STIPULATED PROTECTIVE ORDER**

Plaintiffs and Counter Defendants Family Products, LLC and John Beck Amazing Profits, LLC, Counter Defendants Doug Gravink, Gary Hewitt, and Mentoring of America, LLC, and Defendant and Counterclaimant Infomercial Ventures Partnership assert that they may possess confidential information in the form of trade secrets or other confidential business, personal and/or technical information related to the subject matter of this litigation.   The parties recognize that it may be necessary to disclose certain of the asserted confidential information during the course of this litigation.   In addition, the parties contemplate that non-parties may produce confidential information.   Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the parties, by and through their respective undersigned counsel, hereby stipulate and agree to the request for, and entry of, the following Protective Order (hereinafter, "Order").

1.   **<u>DEFINITIONS</u>**

a.   ***"Designated Material"*** shall mean any Discovery Material designated by a Producing Party as CONFIDENTIAL or ATTORNEYS' EYES ONLY, which comprises or contains information that the Producing Party claims in good faith to constitute or relate to trade secrets under applicable law, or confidential and proprietary information, such as, without limitation, (i) research and development information (including, for example, market and demographic research, and product and advertising development), (ii) commercial information (including, for example, business plans, business strategies, negotiations, and license agreements), (iii) financial information (including, for example, budgeting, accounting, sales figures, costs and advertising expenditures), (iv) business relationship information (including, for example, information pertaining to potential and/or existing customers, competitors, suppliers, distributors, affiliates, subsidiaries, and parents), and (v) personnel information (including, for example, compensation, evaluations and other employment information).

b.      *"Discovery Material"* shall mean any Document (as defined below), material, item, testimony, or thing filed with or presented to the Court or produced, served, or generated during the discovery process, including, for example, exhibits, answers to interrogatories, responses to requests for admissions, responses to requests for production, subpoenas, declarations, affidavits, and deposition testimony or transcripts, and all copies, extracts, summaries, compilations, designations, and portions thereof.

c.      *"Document"* shall mean every means of recording any form of communication or representation upon any tangible thing, including letters, words, pictures, sounds, or symbols, or combinations thereof, whether recorded by handwriting, printing, photostatic or photographic means, magnetic impulse, tape, computer disk, CD-ROM or any other form of data storage, data compilation, or mechanical or electronic recording, and all other tangible things which come within the meaning of "writings" or "recordings" contained in Rule 1001 of the Federal Rules of Evidence, or within the meaning of "document" or "tangible thing" contained in Rule 34 of the Federal Rules of Civil Procedure.

d.      *"Producing Party"* shall mean any party to this action or any third party, including its counsel, retained experts, directors, officers, employees, or agents, who produces any Discovery Material for this action, or one who designates any Discovery Material produced by another party or third party.

e.      *"Receiving Party"* shall mean any party to this action, including its counsel, retained experts, directors, officers, employees, or agents, who receives any Discovery Material.

2.      **CATEGORIES OF DESIGNATED MATERIAL**

a.      *Categories.*  Any Producing Party or party may mark Designated Material as:  (a) "CONFIDENTIAL"; or (ii) "ATTORNEYS' EYES ONLY."  The parties agree to not use the designation "ATTORNEYS' EYES ONLY" for purposes of harassing the Receiving Party or for purposes of unnecessarily

RUSS, AUGUST & KABAT

restricting the Receiving Party's access to information concerning the lawsuit.

    **b.**    ***Scope.***  The scope of this Order shall be understood to encompass not only Designated Material which is expressly designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY, but also any information copied therefrom, and all copies, excerpts, and summaries thereof, as well as testimony and oral conversations which reveal that information.

    **c.**    ***Additional Categories.***  The parties may agree to add additional categories of Designated Material (in addition to CONFIDENTIAL and ATTORNEYS' EYES ONLY) from time to time as necessary.  If the parties cannot resolve the issue of whether this Order should be amended to include the proposed new category of Designated Material, the dispute may be submitted to the Court by motion or otherwise.  Disclosure of the Discovery Material, however, shall still be made, but with the highest level of confidentiality available under this Order, pending resolution of the objection by the parties or the Court, as the case may be.

**3.**    <u>**PROCEDURE FOR MARKING DESIGNATED MATERIAL**</u>

    Marking Designated Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be made by the Producing Party in the following manner:

    **a.**    ***Production.***  In the case of documents or any other tangible thing produced, designation shall be made by placing the legend "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" on each page of the document, and in case of a tangible thing, on the cover, the packing or in any other prominent place on the subject tangible thing, prior to production of the document or tangible thing;

    **b.**    ***Inspection.***  In producing original files and records for inspection, no marking need be made by the Producing Party in advance of the inspection.  For the purposes of the inspection, all documents made available for inspection shall be considered as marked "ATTORNEYS' EYES ONLY."  Thereafter, upon selection of specified documents for copying by the Receiving Party, the Producing Party

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

shall mark as "CONFIDENTIAL" or  "ATTORNEYS' EYES ONLY" the copies of such documents as may contain confidential information at the time the copies are produced to the Receiving Party; and

   **c.     *Deposition Testimony.***  In the case of deposition testimony, transcripts or portions thereof, designation shall be made by the Producing Party either (i) on the record during the deposition, in which case the portion of the transcript of the designated testimony shall be bound in a separate volume and marked "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" by the reporter, as the Producing Party may direct, or (ii) by captioned, written notice to the reporter and all counsel of record, given within ten (10) business days after the reporter sends the transcript or sends written notice to the deponent or deponent's counsel that the transcript is available for review, in which case all counsel receiving such notice shall be responsible for marking the copies of the designated transcript or portion thereof in their possession or control as directed by the Producing Party or deponent.  Pending expiration of the ten (10) business days, all parties and, if applicable, any third party witnesses or attorneys, shall treat the deposition transcript as if it had been designated "ATTORNEYS' EYES ONLY."  No person shall attend the designated portions of such depositions, unless such person is an authorized recipient of Designated Material under the terms of this Order.

**4.     CONTESTING THE DESIGNATION**

   **a.     *No Waiver.***  No party to this action shall be obligated to challenge the propriety of any designation by any Producing Party, and a failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designation.

   **b.     *Objection*.**  Any party may contest a claim of confidentiality.  Any party objecting to the designation of any Discovery Material as Designated Material, such as CONFIDENTIAL or ATTORNEYS' EYES ONLY, must give outside counsel of record for the Producing Party written notice of its reasons for

4

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

RUSS, AUGUST & KABAT

the objection.  Failing resolution after service of the written notice of its reasons for the objection, the party objecting may, on a duly noticed motion, seek an order changing or removing the designation.  In the resolution of such matter, the burden of establishing confidentiality shall be on the party who made the claim of confidentiality, i.e., the Producing Party, but information designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY shall be deemed as such until the matter is resolved.

5.    **RESTRICTION ON DISCLOSURE AND USE**

   a.    ***Confidentiality.***  Designated Material and the information derived from such Designated Material (excluding information which is derived lawfully from an independent source) shall be kept confidential and shall not be given, shown, made available, discussed, or otherwise communicated in any manner, either directly or indirectly, to any person not authorized to receive the information under the terms of this Order.

   b.    ***Maintenance of Designated Material by the Receiving Party.***  Designated Material shall be maintained by the Receiving Party at a location and under circumstances to ensure that access is limited to those persons entitled to have access under this Order.

   c.    ***Maintenance of Designated Material by the Producing Party.***  A Producing Party is free to do whatever it desires with its own Designated Material.

6.    **ACCESS TO DESIGNATED MATERIAL**

   a.    ***Access to Material Designated "CONFIDENTIAL"***

   Designated Material marked "CONFIDENTIAL" shall be available only to the following persons:

      (i)    Outside counsel of record to any party in connection with this action, and the outside counsel's partners, associates and employees;

      (ii)    Judges, Magistrate Judges, law clerks, and clerical personnel of the Court before which this action is pending or qualified court reporters;

RUSS, AUGUST & KABAT

5

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

(iii)    Consultants or experts (excluding employees, officers or directors of a named party) retained by any of the parties or their counsel to consult or testify in the case who execute Exhibit A;

(iv)    Authors or drafters, addressees, persons who received the documents or information prior to the commencement of this action, or persons who received the documents or information during this action and not in violation of this Order;

(v)    Third party contractors and their employees involved in document management or copying services for this litigation;

(vi)    Graphics or design services retained by counsel for a party for purposes of preparing demonstratives or other exhibits for deposition, trial, or other court proceedings in this action who execute Exhibit A;

(vii)    Persons who have been retained by a party to provide translation or interpretation from one language to another;

(viii)    Parties and their employees who execute Exhibit A; and

(ix)    Court reporters and videographers.

**b.    *Access to Material Designated "ATTORNEYS' EYES ONLY"***

Designated Material marked "ATTORNEY EYES ONLY" shall be available only to:

(i)    Persons with allowed access to CONFIDENTIAL Designated Material pursuant to paragraph 6(a) with the exception of parties and their employees (paragraph 6(a)(viii)).

**c.    *Authorization and Acknowledgment.***  Each person required to execute Exhibit A to whom Designated Material is to be given, shown, disclosed, made available or communicated in any way, shall first execute an Acknowledgment of Protective Order in the form shown in Exhibit A, agreeing to be bound by the terms of this Order, acknowledging that Designated Material is subject to this Order, that the person is authorized under paragraphs 6(a)-(b) to

RUSS, AUGUST & KABAT

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

1   receive Designated Material marked as CONFIDENTIAL INFORMATION or

2   ATTORNEYS' EYES ONLY INFORMATION, that the person has read this

3   Order, that such person agrees to comply with, and be bound by, this Order, and

4   that such person is aware that contempt sanctions may be entered for violation of

5   this Order.  Counsel to whom Designated Material is produced shall keep in his or

6   her files an original of each such executed Acknowledgment of Protective Order

7   until sixty (60) calendar days after the final termination of this action.

8   **7.**     **PROCEDURES FOR FILING PAPERS WITH DESIGNATED**

9          **MATERIAL**

10          Designated Material may be included with, or referred to in, papers filed

11  with the Court where this case is now pending or in any other court only in

12  accordance with the following procedures required under Local Rule 79-5.1:

13          **a.**     ***Designated Material.***  The Designated Material must be ~~filed~~

14  **submitted for court approval of filing** under seal in sealed envelopes endorsed

15  with the title of this action, an indication of the contents of the envelope, the

16  identity of the filing party and the notation "CONFIDENTIAL - SUBJECT TO

17  PROTECTIVE ORDER - NOT TO BE DISCLOSED EXCEPT BY COURT

18  ORDER OR WRITTEN STIPULATION OF THE PARTIES."  The Designated

19  Material shall be accompanied by a proposed order. The proposed order shall

20  address both the sealing of the application and order itself, if appropriate. The

21  original and judge's copy of the document shall be sealed in separate envelopes

22  with a copy of the title page attached to the front of each envelope. Conformed

23  copies need not be placed in sealed envelopes. Where under-seal filings are

24  authorized by statute or rule, the authority therefor shall appear on the title page

25  of the proposed filing. Applications and Orders to Seal, along with the material to be

26  placed under seal, shall not be electronically filed but shall be filed manually in the

27  manner prescribed by Local Rule 79-5. A Notice of Manual Filing shall also be

28  electronically filed identifying materials being manually filed.

RUSS, AUGUST & KABAT

~6607718.doc

7

RUSS, AUGUST & KABAT

b.    ***Papers Including Designated Material.***  All papers filed with the Court, including but not limited to pleadings and memoranda of law, which include all or any portion of information set forth in Designated Material must be ~~filed~~ **submitted for court approval of filing** under seal in accordance with the terms and procedures set forth in this Order, including the procedures for filing materials set forth above in paragraph 8(a).  Counsel for the party filing papers with Designated Material shall be responsible for designating all papers filed with the Court as Designated Material and marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY depending on the contents of the papers being filed.  Such papers shall be subject to the terms of this Order.

**8.    <u>REDACTED FILINGS OF PAPERS WITH DESIGNATED MATERIAL</u>**

Redacted versions of papers with Designated Material filed under seal may be filed with the Court in accordance with normal procedures and made publicly available provided that:

a.    All Designated Material set forth in the papers is deleted or obscured and all Designated Material is removed as exhibits; and

b.    Redacted versions of the papers are clearly marked "Public Version – Confidential Material Omitted."  Redacted versions of the papers also must clearly identify each place where information or exhibits have been deleted.

**9.    <u>UNINTENTIONAL FAILURE TO DESIGNATE</u>**

If, through inadvertence, a Producing Party provides any Designated Material pursuant to this litigation without designating and marking the Designated Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the Producing Party may subsequently inform the Receiving Party of the confidential nature of the disclosed Designated Material, and the Receiving Party shall treat the disclosed Designated Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY upon receipt of written notice from the Producing Party.  Disclosure of such Designated

RUSS, AUGUST & KABAT

1  Material to persons not authorized to receive that material prior to receipt of the

2  confidentiality designation shall not be deemed a violation of this Order.

3  However, in the event the material has been distributed in a manner inconsistent

4  with the categorical designation, the Receiving Party will take the steps necessary

5  to conform distribution to the categorical designation, i.e., by retrieving all copies

6  of the Designated Material, or notes or extracts thereof, in the possession of the

7  persons not authorized under this Order to possess such Designated Material and

8  advising the person to whom disclosure was made that the material is confidential

9  and should be treated as provided in the Order.

10  **10.   <u>UNINTENTIONAL DISCLOSURE OF PRIVILEGED</u>**

11        **<u>INFORMATION</u>**

12        Counsel shall exert their best efforts to identify documents or material

13  protected by the attorney-client privilege or the work-product doctrine prior to the

14  disclosure of any such documents or material.  If, however, a party unintentionally

15  discloses documents or material that is privileged or otherwise immune from

16  discovery, the party shall, within five (5) business days upon discovery of the

17  disclosure, so advise the Receiving Party in writing, request the documents or

18  material be returned, and attach a privilege log with an entry pertaining to the

19  documents or material that is privileged or otherwise immune from discovery.  If

20  that request is made and the privilege log provided, no party to this action shall

21  thereafter assert that the disclosure waived any privilege or immunity.  It is further

22  agreed that the Receiving Party will return or destroy the inadvertently produced

23  documents or material, and all copies and derivations, within five (5) business days

24  of the Receiving Party's receipt of a written request for the return of the documents

25  or material.  The Receiving Party having returned the inadvertently produced

26  documents or material may thereafter seek production of the documents or material

27  in accordance with the Federal Rules of Civil Procedure.  To the extent that any

28  such inadvertently produced information was used, included, referenced or

~6607718.doc

9

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

summarized in a pleading, deposition or other proceeding, in good faith, before a request for the return of the unintentionally produced information, nothing in this paragraph shall require a Receiving Party to purge, redact or excise any such information.

**11.   INFORMATION NOT COVERED BY THIS ORDER**

The restrictions set forth in this Order shall not apply to information which is in the possession of or otherwise known to the Receiving Party or the public before the date of its transmission to the Receiving Party, or which lawfully comes into the possession of or becomes known to the Receiving Party or lawfully comes into the possession of or otherwise becomes known to the public after the date of its transmission to the Receiving Party, provided that such information does not become publicly known by any act or omission of the Receiving Party which would be in violation of this order.

**12.   RESPONSIBILITY OF ATTORNEYS**

Outside counsel of record shall be responsible for providing a copy of this Order to all persons entitled access to Designated Material under paragraph 6 and to employ reasonable measures to control duplication of, access to, and distribution of copies of materials so designated.  No person shall duplicate any Designated Material except, as contemplated by this Order, for use as exhibits at depositions, in connection with court filings or, as necessary, by counsel, experts or consultants approved under paragraphs 6 and 7 for use as working copies.  All copies, extracts and translations must be appropriately marked and are subject to paragraph 15 of this Order.

**13.   FINAL DISPOSITION**

Upon termination, settlement or final judgment of this litigation including exhaustion of all appeals, the originals and all copies of Designated Material shall be either destroyed or turned over to the Producing Party, or to their respective outside counsel, within sixty (60) calendar days.  However, retained counsel may

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

retain pleadings, attorney work product, consultant work product, and deposition transcripts for archival purposes. If Designated Material is destroyed pursuant to this paragraph, outside counsel for the Receiving Party shall provide to outside counsel for the Producing Party notification that destruction was performed. The provisions of this Order insofar as it restricts the disclosure, communication of, and use of Designated Material produced hereunder shall continue to be binding after the conclusion of this action.

**14.  DISCLOSURE OF DESIGNATED MATERIAL AT TRIAL OR PRE-TRIAL HEARINGS**

This Order governs only discovery. At trial or on appeal, the parties will redesignate or redact confidential designations as deemed appropriate.

**15.  REFERENCE TO THIS ORDER AT TRIAL**

No reference may be made at the trial in this action in the presence of a jury to the existence of this Order or to the effect that certain material is subject to this Order.

**16.  NO LIMITATION OF OTHER RIGHTS**

This Order shall be without prejudice to the right of any party to oppose production of any information on any and all grounds other than confidentiality.

**17.  RELEASE FROM OR MODIFICATION OF THIS ORDER**

This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to release, rescind, or modify the restrictions of this Order, to determine whether a particular person shall be entitled to receive any particular information or to seek relief from inadvertent disclosure of privileged or work-product information. This Order does not preclude all of the parties to this Order from entering into any stipulation (in writing or on the record) constituting a modification of this Order. On any motion seeking disclosures beyond those authorized by this Order, the burden will be on the Receiving Party to justify the disclosure.

RUSS, AUGUST & KABAT

**18.    DISCOVERY FROM THIRD PARTIES**

If discovery is sought of a person not a party to this action ("third party") requiring disclosure of such third party's Designated Material, the Designated Material disclosed by any such third party will be accorded the same protection as the parties' Designated Material, and will be subject to the same procedures as those governing disclosure of the parties' Designated Material pursuant to this Order.

**19.    ADMISSIBILITY**

Nothing herein shall be construed to affect in any way the evidentiary admissibility of any document, testimony, or other matter at any court proceeding related to this mater.  The marking of Designated Material as CONFIDENTIAL or ATTORNEYS' EYES ONLY pursuant to this Order shall not, for that reason alone, bar its introduction or use at any court proceeding related to this matter pursuant to such terms and conditions as the Court may deem appropriate, consistent with the need for a complete and accurate record of the proceedings; provided, however, that every effort shall be made, through the use of procedures agreed upon by the parties or otherwise, to preserve the confidentiality of Designated Material marked as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

**20.    NON-PARTY REQUEST/SUBPOENA OF DESIGNATED MATERIAL**

If a Receiving Party receives a subpoena or other compulsory process from a non-party to this lawsuit, seeking production or other disclosure of a Producing Party's Designated Material, that Receiving Party shall give written notice to outside counsel of record for the Producing Party within ten (10) business days after receipt of the subpoena or other compulsory process identifying the specific Designated Material sought and enclosing a copy of the subpoena or other compulsory process.  If the Producing Party timely seeks a protective order, the

Receiving Party to whom the subpoena or other compulsory process was issued or served shall not produce the Designated Material requested prior to receiving a Court order or consent of the Producing Party.  In the event that Designated Material is produced to the non-party, such material shall be treated as Designated Material pursuant to this Order.

**21.**   **<u>UNINTENTIONAL DISCLOSURE OF DESIGNATED MATERIAL</u>**

If Designated Material, or any portion thereof, is disclosed by the Receiving Party, through inadvertence or otherwise, to any person or party not authorized under this Protective Order, then the Receiving Party shall use its best efforts to retrieve immediately all copies of such Designated Material, and to bind such person to the terms of this Order.  In such event, the Receiving Party shall also (a) promptly inform such person of all the provisions of this Order; (b) identify such person immediately to the Producing Party; and (c) request such person to execute the Acknowledgment of Protective Order in the form shown in Exhibit A.

**22.**   **<u>COUNSEL'S RIGHT TO PROVIDE ADVICE</u>**

Nothing in this Order shall bar or otherwise restrict any counsel herein from rendering advice to the counsel's party-client with respect to this action, and in the course thereof, relying upon an examination of Designated Material, provided, however, that in rendering such advice and in otherwise communicating with the party-client, the counsel shall not disclose any Designated Material, nor the source of any Designated Material, to anyone not authorized to receive such Designated Material pursuant to the terms of this Order.

**23.**   **<u>NO CONTRACT</u>**

To the extent that the parties have agreed on the terms of this Order, such stipulation is for the Court's consideration and approval as an order.  The parties' stipulation shall not be construed to create a contract between the parties or between the parties and their respective counsel.

RUSS, AUGUST & KABAT

~6607718.doc

13

**24.    EFFECTIVE DATE**

This Order shall be effective on the date of its execution, but it shall govern the Designated Material designated CONFIDENTIAL or ATTORNEYS' EYES ONLY prior to the effective date.

**25.    TERMINATION**

The termination of this action shall not automatically terminate the effectiveness of this Order and persons subject to this Order shall be bound by the confidentiality obligations of this Order until the Producing Party agrees otherwise in writing or this Court (or any other court or competent jurisdiction) orders otherwise.

IT IS SO ORDERED.

Dated: July 21, 2009

_____/S/_____
The Honorable Carla M. Woehrle
United States Magistrate Judge

RUSS, AUGUST & KABAT

~6607718.doc

14

**EXHIBIT A**

**<u>ACKNOWLEDGEMENT OF PROTECTIVE ORDER</u>**

I, _____, state that:

I have read and reviewed in its entirety the annexed Protective Order ("Protective Order") that has been signed and entered in the lawsuit before the United States District Court for the Central District of California, entitled *Family Products v. Infomercial Ventures Partnership, et al..*

I understand the terms of the Protective Order, and hereby agree to be bound by and comply with the terms of the Protective Order, and not to disseminate or disclose any information subject to the Protective Order that I review or about which I am told to any person, entity, party, or agency for any reason, except in accordance with the terms of the Protective Order.

I understand that contempt sanctions may be entered for violation of this Protective Order and further agree to submit to the jurisdiction of this Court for the purposes of enforcement of the terms of this Protective Order.

I declare under the penalty of perjury under the operating laws that the foregoing is true and correct.

DATED this _____ day of _____, 200_.

_____
(Signature)

_____
(Typed or Printed Name)

~6607718.doc

15

**[PROPOSED] STIPULATED PROTECTIVE ORDER**

RUSS, AUGUST & KABAT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RUSS, AUGUST & KABAT

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2009 the foregoing document described as **[PROPOSED] STIPULATED PROTECTIVE ORDER** was filed electronically via the Court's Electronic Case Filing System (ECF).  Notice of the filing is being served upon all counsel of record automatically through Notice of Electronic Filing.


/s/ Nathan D. Meyer

~6607718.doc

1
**CERTIFICATE OF SERVICE**